```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                FORT MYERS DIVISION
```

TRITON RENOVATION, INC.
A/A/O ST. CROIX AT PELICAN
MARSH CONDOMINIUM
ASSOCIATION,

    Plaintiff,

v.                    Case No: 2:20-cv-432-JES-NPM

EMPIRE INDEMNITY INSURANCE
COMPANY,

    Defendant.

_____

## OPINION AND ORDER

This case comes before the Court on plaintiff Triton Renovation, Inc. A/A/O St. Croix at Pelican Marsh Condominium Association's Motion to Confirm the Appraisal Award and Seeking Judgment in its Favor (Doc. #104) filed on May 17, 2023. Empire Indemnity Insurance Company (Empire or Defendant) filed a Response in Opposition (Doc. #108) and plaintiff filed a Reply (Doc. #112.) For the reasons set forth, the motion is granted in part and denied in part.

**I.**

This is an insurance dispute arising from the aftermath of Hurricane Irma. Empire had issued an insurance policy (the Policy) to St. Croix at Pelican Marsh Condominium Association (the Condominium Association) for twenty-five buildings in Naples,

Florida. Four days after Hurricane Irma ravaged the region, the Condominium Association filed a claim under the Policy. The Condominium Association also hired Triton Renovation, Inc. (Triton) to perform repair work. Empire investigated the claim, determined there was coverage, and paid out $2,791,931.83. Disagreeing with the determination of the amount of loss, the Condominium Association submitted a sworn proof of loss claiming the full cost of repair or replacement was $6,799,120.85. (Doc. #34, Ex. 1.)

To resolve the disputed loss amount, the Condominium Association made a written demand for an appraisal pursuant to the Policy's appraisal provision. The provision provides:

> **Mediation Or Appraisal**
> If we and you:
> . . . .
> **B.** Disagree on the value of the property or the amount of loss, either may request an appraisal of the loss, in writing. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.
> Each party will:
> 1. Pay its chosen appraiser; and
> 2. Bear the other expenses of the appraisal and umpire equally.
> If there is an appraisal, we will still retain our right to deny the claim.
> However, you are not required to submit to, or participate in, any appraisal of the loss as a

> precondition to action against us for failure to pay the loss, if we:
> 1. Requested mediation and either party rejected the mediation result; or
> 2. Failed to notify you of your right to participate in the mediation program.

(Doc. #20, Ex. 1, p. 46.) The Condominium Association assigned its rights and benefits from the Policy to Triton, and Triton also demanded appraisal under the Policy.

Empire refused to participate in an appraisal, so Triton sued Empire in Florida state court alleging that Empire failed to engage in the appraisal process and failed to pay the full covered losses.[1] Empire removed the case to federal Court based on diversity of citizenship jurisdiction. In due course, the assigned magistrate judge compelled Empire to participate in the contractual appraisal process. (Doc. #68.)

The completed appraisal found that "due to the physical damage caused by Hurricane Irma" Triton was awarded a total of $5,109,816.65 in Actual Cash Value (ACV) and $5,200,398.88 in Replacement Cost Value (RCV), as detailed below:

| Description/Coverage | RCV Award Amount | Depreciation Amount | ACV Award Amount |
|---|---|---|---|
| Building - General | $91,263.02 | _____ | $91,263.02 |

---

[1] Triton's Amended Complaint (AC) is the operative pleading and contains two counts: (1) breach of contract and (2) petition to compel appraisal. (Doc. #20, pp. 2-5.) Triton has subsequently withdrawn the second count. (Doc. #64.)

3

| | | | |
|---|---|---|---|
| Incurred Expenses | $42,427.45 | _____ | $42,427.45 |
| Building 1 | $273,496.01 | $4,455.18 | $269,040.83 |
| Building 2 | $86,323.90 | $2,920.32 | $83,403.58 |
| Building 3 | $272,850.39 | $4,357.57 | $268,492.82 |
| Building 4 | $86,323.90 | $2,920.32 | $83,403.58 |
| Building 5 | $294,638.33 | $3,726.76 | $290,911.57 |
| Building 6 | $274,721.63 | $4,591.47 | $270,130.16 |
| Building 7 | $86,323.90 | $2,920.32 | $83,403.58 |
| Building 8 | $295,132.48 | $3,788.53 | $291,343.95 |
| Building 9 | $86,323.90 | $2,920.32 | $83,403.58 |
| Building 10 | $294,858.61 | $3,754.30 | $291,104.31 |
| Building 11 | $273,601.73 | $4,451.49 | $269,150.24 |
| Building 12 | $85,943.57 | $2,872.78 | $83,070.79 |
| Building 13 | $273,509.65 | $4,439.98 | $269,069.67 |
| Building 14 | $84,430.30 | $2,683.62 | $81,746.68 |
| Building 15 | $273,921.84 | $4,491.50 | $269,430.34 |
| Building 16 | $84,430.30 | $2,683.62 | $81,746.68 |
| Building 17 | $294,673.81 | $3,731.20 | $290,942.61 |
| Building 18 | $84,430.30 | $2,683.62 | $81,746.68 |
| Building 19 | $273,358.72 | $4,421.11 | $268,937.61 |
| Building 20 | $84,430.30 | $2,683.62 | $81,746.68 |
| Building 21 | $273,480.31 | $4,436.31 | $269,044.00 |
| Building 22 | $84,430.30 | $2,683.62 | $81,746.68 |

| Building 23 | $294,668.45 | $3,730.53 | $290,937.92 |
| Building 24 | $276,783.03 | $3,780.02 | $273,003.01 |
| Building 25 | $273,622.75 | $4,454.12 | $269,168.63 |
| Ordinance & Law | As incurred as per Policy & Florida Law | | As incurred as per Policy & Florida Law |

(Doc. #80, Ex. 1.) Triton agreed that it would accept payment of the total ACV award minus prior payments and deductibles "in satisfaction and resolution of the breach of contract" claim. (Doc. #98, ¶ 4.)

Empire asserted, however, that various asserted affirmative defenses remained viable and precluded judgment at this stage of the proceedings. At a discovery hearing, Triton responded that "Empire's affirmative defenses either do not apply to the claim for ACV benefits or were otherwise resolved by the appraisal panel." (Doc. #100, p. 1.) To conserve judicial and litigant resources, Triton was given leave to file the present motion to resolve this dispute. (Id., p. 2.)

Triton's motion requests two forms of relief: "[1] to have the Appraisal Award confirmed by the Court and [2] a judgment entered in its favor." (Doc. #104, p. 10.) Empire's counterargument is two-fold: Empire asserts that (1) Triton can only obtain a judgment by trial, summary judgment, or default, and the appraisal

5

cannot "be confirmed because it did not, itself, decide all issues of liability, deductibles, and coverage under the Policy." (Doc. #108, pp. 1-2); and (2) that "Triton is not entitled to recover more than the cost to repair items that have been repaired and the actual cash value (ACV) of items that have not." (Id.)

## II.

In a diversity case, the Court applies the substantive law of the forum state — in this case, Florida. See Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938). "Because we are interpreting Florida law, we look first for case precedent from Florida's highest court—the Florida Supreme Court." SE Prop. Holdings, LLC v. Welch, 65 F.4th 1335, 1342 (11th Cir. 2023)(citing Winn-Dixie Stores, Inc. v. Dolgencorp, LLC, 746 F.3d 1008, 1021 (11th Cir. 2014)). "Where that court has not spoken, however, we must predict how the highest court would decide this case." Id. (quoting Turner v. Wells, 879 F.3d 1254, 1262 (11th Cir. 2018)). "In making this prediction, 'we are bound to adhere to the decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise.'" Id. (cleaned up)(quoting Winn-Dixie, 746 F.3d at 1021).

Under Florida law, appraisal exists for a limited purpose — the determination of "the amount of the loss." Citizens Prop. Ins. Corp. v. Mango Hill #6 Condo. Ass'n, Inc., 117 So. 3d 1226, 1230 (Fla. 3d DCA 2013)). "The district court's order [compelling

appraisal] d[id] *not* entitle [plaintiff] to judgment on its claims against Empire. . . . [T]he appraisal process is binding on the parties as to the *amount* of the loss, [but] Empire can still pursue its defenses of coverage denials as a whole and to specific buildings owned by [plaintiff] in the district court once the appraisal process concludes." Positano Place at Naples I Condo. Ass'n, Inc. v. Empire Indem. Ins. Co., No. 22-10877, 2023 WL 3730876, at *5 (11th Cir. May 31, 2023) (citing State Farm Fire & Cas. Co. v. Licea, 685 So. 2d 1285, 1287–88 (Fla. 1996)).

The Eleventh Circuit has interpreted Licea to hold that "once an [appraisal] award has been made, the only defenses that remain for the insurer to assert are lack of coverage for the entire claim, or violation of one of the standard policy conditions (fraud, lack of notice, failure to cooperate, etc.). . . ." Three Palms Pointe, Inc. v. State Farm Fire & Cas. Co., 362 F.3d 1317, 1319 (11th Cir. 2004). This is so because an appraisal award "necessarily [already] includes determinations as to the cost of repair or replacement and whether or not the requirement for a repair or replacement was caused by a covered peril or a cause not covered, such as normal wear and tear, dry rot, or various other designated, excluded causes." Licea, 685 So. 2d at 1288. "In other words, when an insurer admits coverage and disputes the amount of loss," like here, "causation is to be determined by an appraisal

7

panel." People's Tr. Ins. Co. v. Tracey, 251 So. 3d 931, 933 (Fla. 4th DCA 2018).

### III.

Empire has admitted coverage by its payment of over $2 million on the claim. Two of Empire's seven affirmative defenses are eliminated by the appraisal. Empire may not continue pursuing its defenses that damages were not caused by covered perils. (See Doc. #67, pp. 6-7, ¶¶ 5-6.) Those causation defenses were already considered and disposed of by the appraisal panel. See Licea, 685 So. 2d at 1288.

But Empire may still pursue its coverage defenses for any capped increased cost of construction due to untimely repairs, replacement costs, disqualifying betterment, failure to fully comply with all of the terms of coverage, and failure to mitigate damages. (See Doc. #67, pp. 4-7, ¶¶ 1-4, 7.) Empire's argument that the Policy restricts Triton's award to the cost of any completed repairs and ACV to any outstanding repairs similarly survives. Progressive Am. Ins. Co. v. Glassmetics, LLC, 343 So. 3d 613, 626 (Fla. 2d DCA 2022)("[T]he binding appraisal process remains enforceable while still allowing the parties to enforce such other rights as they may have under the policy.").

The Court finds no reason the appraisal should not be confirmed. This does not resolve the case or justify entry of judgment, however. In light of Empire's remaining potential viable

defenses, it would be improper for the Court to "effectively overrule[ Empire's] well-preserved objections to entry of judgment." Mango Hill #6 Condo. Ass'n, Inc., 117 So. 3d at 1230; Fla. Ins. Guar. Ass'n, Inc. v. Olympus Ass'n, Inc., 34 So. 3d 791, 796 (Fla. 4th DCA 2010)("[W]e conclude that the trial court erred by entering final judgment in favor of [plaintiff] and awarding it the amount set forth in the appraisal (less the deductibles), without first deciding the issue of coverage liability."). Instead, "[p]roper procedure require[s] that [Empire's] defenses be addressed, not by a motion to confirm appraisal award under the Florida Arbitration Code [or the Federal Arbitration Act], but rather by motion for summary judgment or trial." Mango Hill #6 Condo. Ass'n, Inc., 117 So. 3d at 1230. If it is then decided "that coverage exists, the dollar value agreed upon under the appraisal process will be binding upon both parties." Johnson v. Nationwide Mut. Ins. Co., 828 So. 2d 1021, 1025 (Fla. 2002).

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion to Confirm the Appraisal Award and Seeking Judgment in its Favor (Doc. #104) is **GRANTED IN PART AND DENIED IN PART**. The Court confirms the Appraisal Award but declines to enter judgment.

**DONE and ORDERED** at Fort Myers, Florida, this  6th   day of July, 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record